**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

LEAVENWORTH COUNTY, KANSAS,
BOARD OF COMMISSIONERS

        *Plaintiff,*

 vs.

REDIE LEWIS,

        *Defendant,*

vs.

ANTHONY L. MAY, et al.,

        *Third Party Defendants.*

Case No. 19-02664-EFM-TJJ

**MEMORANDUM AND ORDER**

Defendant Redie Lewis removed this case from the District Court of Leavenworth County, Kansas. In the underlying state court case,[1] Plaintiff Board of County Commissioners of Leavenworth County, Kansas (the "Board") seeks judicial foreclosure of tax liens on 87 parcels of real estate in Leavenworth County, Kansas and names 112 individual defendants. Prior to removal, Lewis filed a "Counterclaim & 3rd Party Claim for Civil Damages" asserting a counterclaim against the Board and third-party claims against the following Defendants: the County of

_____

[1] Case No. 2019-CV-169.

Leavenworth, the City of Leavenworth, One Beacon Insurance Company,[2] Anthony May and Alfredo Medina. May and Medina are employees of the U.S. Department of Housing and Urban Development ("HUD").

There are several motions pending before the Court. Third Party Defendants May and Medina have filed a Motion to Dismiss for Lack of Jurisdiction or Failure to State Claim (Doc. 13). The Board has filed a Motion to Remand (Doc. 18) and a Motion to Dismiss Party for Lack of Subject Matter Jurisdiction (Doc. 20). Finally, One Beacon has filed a Motion to Remand to State Court (Doc. 46). Because the Court lacks subject matter jurisdiction over Defendants May and Medina, they are dismissed from this case. The Court also remands this case to state court for further disposition.

## I.     Factual and Procedural Background

The Board commenced this action in state court seeking to foreclose tax liens on 87 parcels of real property. The state court action lists 112 individuals as defendants. Each claim against the debtor/defendant is divided within the Petition into a separate cause of action. In this case, Defendant Redie Lewis is named as the debtor/defendant in causes of action 4 through 15. Lewis and 94 of the other individually named defendants are Kansas residents.[3]

Proceeding pro se, Lewis filed a "Counterclaim & 3rd Party Claim for Civil Damages" in the state court case. In that pleading Lewis named two HUD employees—May and Medina—as

---

[2] Lewis' Counterclaim & 3rd Party Claim for Civil Damages asserts claims against One Beacon Insurance Company doing business under two different trade names. It asserts a claim against One Beacon Insurance Company a/k/a One Beacon Services, LLC d/b/a Atlantic Specialty Insurance Company and One Beacon Insurance Company a/k/a One Beacon Services, LLC d/b/a One Beacon Government Risks (Trade Name). Unless otherwise stated herein, the Court will refer to the party collectively as "One Beacon Insurance Company" or One Beacon.

[3] Lewis did not provide the state court Petition in the documents filed with the Notice of Removal. The Board submitted it as an exhibit to its Motion to Remand.

defendants for alleged acts of negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672. Lewis seeks damages in the amount of $206,000 from May and $206,000 from Medina for their acts of negligence. Lewis also brought claims against the Board and the County of Leavenworth under a "conflict of interest" theory and against the City of Leavenworth, Kansas, for the "doctrine of unclean hands," "unjust enrichment," "res judicata," "waiver," "violations of Federal and State Consumer Protection Statutes," "duress," "fraud," "consumer fraud," and "release." Additionally, Lewis asserts two claims against One Beacon Insurance Company regarding personal and property liability insurance claims she filed that were allegedly not paid.

On October 28, 2019, Lewis removed this case to federal district court. She claims that removal is timely because her Notice of Removal was filed within 30 days of adding the federal defendants. She also asserts that she removes this action under 28 U.S.C. § 1332 due to diversity of citizenship and the amount in controversy. She alleges that she resides in the State of Kansas and that "[t]he joined Defendants, reside (are doing business) in the City of Plymouth, in the state of Minnesota; and reside (are doing business) in the City of San Antonio, in the State of Texas." Lewis does not identify the joined Defendants to which she is referring, but the Court presumes it is One Beacon Insurance Company. She also asserts that removal is proper under 28 U.S.C. § 1331, federal question jurisdiction, because she brought third party claims under the FTCA.

On November 12, 2019, Defendants May and Medina filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim under which relief may be granted. Additionally, if the Court dismisses Lewis' FTCA claims for lack of jurisdiction, Defendants May and Medina ask the Court to remand this case to state court because there is no diversity of citizenship. The Board subsequently filed its own Motion to Remand, also asserting that there is no diversity of citizenship and two additional bases for remand not set forth in May and Medina's

motion. One Beacon also filed a Motion to Remand, adopting the arguments set forth in the Board's memorandum in support of its Motion to Remand. Finally, the Board filed a Motion to Dismiss Lewis' claims asserted against Leavenworth County and the Board for lack of subject matter jurisdiction.

## II.    Legal Standard

### A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."[4] Federal courts have original jurisdiction over civil actions arising under the constitution, laws, or treaties of the United States or where a diversity of citizenship exists and the amount in controversy is greater than $75,000.[5] The party invoking federal jurisdiction has the burden to prove it exists.[6]

Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) facial attacks, which question the sufficiency of the allegations in the complaint; or (2) factual attacks, which challenge the content of the allegations regarding subject matter jurisdiction.[7] If the motion challenges the sufficiency of the complaint's jurisdictional allegation, the court must accept all such allegations as true.[8] If there is a challenge to the actual facts, the court has discretion to allow affidavits and other documents to resolve disputed facts.[9]

---

[4] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[5] 28 U.S.C. §§ 1331, 1332.

[6] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

[7] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[8] *Id*. at 1002.

[9] *Id*. at 1003.

**B.      Pro Se Litigants**

The Court must construe the filings of a pro se litigant liberally and in the interest of justice.[10]  But, the Court does not "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."[11]  Furthermore, "pro se parties [must] follow the same rules of procedure that govern other litigants."[12]

### III.      Analysis

**A.      The Court does not have subject matter jurisdiction over Lewis' FTCA Claims.**

May and Medina move to dismiss Lewis' FTCA claims based on lack of subject matter jurisdiction.  Lewis asserts these claims against May and Medina in their individual capacities and in their official capacities as HUD employees.  But, her claims fail because she did not name the proper defendant.

The FTCA allows a plaintiff to assert a claim for money damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the United States.[13]  "The FTCA 'provides the exclusive remedy for tort actions against the federal government, its agencies, and employees.' "[14]  It is well-established, however, that only the United States is a proper defendant in a lawsuit under the

---

[10] *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *Carter v. Walmart, Inc*., 2019 WL 5424759, at *2 (D. Kan. 2019)

[11] *Garrett*, 425 F.3d at 840.

[12] *Id*. (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[13] 28 U.S.C. § 1346(b)(1).

[14] *Jones v. Dep't of Justice*, 2016 WL 11551058, at *2 (D. Kan. 2016) (quoting *Wexler v. Merit Sys. Prot. Bd*., 1993 W 53548, at *2 (10th Cir. 1993).

FTCA.[15]  Indeed, the "failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."[16]  Accordingly, Lewis' claims under the FTCA against May and Medina must be dismissed for lack of subject matter jurisdiction.

## B.     This case must be remanded to state court.

Defendants Medina, May, the Board, and One Beacon move to remand this case to state court.  A defendant may remove any state court civil action if a federal court has original jurisdiction over the claim.[17]  Because the Court has dismissed Lewis' FTCA claims for lack of subject matter jurisdiction, the Court will only have original jurisdiction over the state court case if there is diversity jurisdiction.  Diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state.[18]  "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state."[19]  The existence of diversity jurisdiction must be determined from the complaint or the removal petition.[20]  When the allegation of diversity is challenged, the party asserting jurisdiction has the burden of proving diversity by a preponderance of the evidence.[21]

---

[15] *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *Oxendine v. Kaplan*, 241 .3d 1272, 1275 n.4 (10th Cir. 2001)).

[16] *Jones*, 2016 WL 11551058, at *2 (quoting *Wexler*, 1993 WL 53548, at *2).

[17] 28 U.S.C. § 1441.

[18] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (interpreting 28 U.S.C. § 1332 to require "complete diversity between all plaintiffs and all defendants") (citations omitted).

[19] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)).

[20] *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

[21] *Bair v. Peck*, 738 F. Supp. 1354, 1356 (D. Kan. 1990) (citation omitted).

In her Notice of Removal, Lewis asserts that there is diversity of citizenship because she resides in Kansas and "[t]he joined Defendants, reside (are doing business) in the City of Plymouth, in the State of Minnesota; and reside (are doing business) in the City of San Antonio, in the State of Texas." This statement, however, does not satisfy Lewis' burden to show diversity of citizenship. Lewis admits that she is a resident of Kansas. Residency, however, is not equivalent to domicile, and it is domicile that is relevant to determining state citizenship.[22] Domicile is established by a physical presence in a place with the intent to remain there.[23] Lewis has not offered any evidence that she intends to remain in Kansas, and thus has not established Kansas as her domicile. Therefore, the Court cannot definitively ascertain whether it has diversity jurisdiction under § 1332, and her removal to this Court is not proper.

Even if Lewis had established her domicile is Kansas, the Court still does not have jurisdiction. As noted above, § 1332 requires complete diversity between all the plaintiffs and all the defendants.[24] Even if Lewis is a Kansas citizen, Counterclaim Defendant the Board and Third-Party Defendants City of Leavenworth and County of Leavenworth are also Kansas citizens. Therefore, there is not complete diversity of citizenship, and the Court lacks diversity jurisdiction.

As an alternative basis for remand, the Board also asserts that Lewis' removal is procedurally defective because she did not obtain the consent of the other state court defendants. In addition to lack of subject matter jurisdiction, an action may be remanded to state court because of defects in the removal procedure.[25] Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have

---

[22] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

[23] *Middleton*, 749 F.3d at 1200 (citing *Crowley*, 710 F.2d at 678).

[24] *Lincoln Prop. Co.*, 546 U.S. at 89.

[25] *See* 28 U.S.C. § 1447(c); *Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996).

been properly joined and served must join in or consent to the removal of the action." Generally referred to as the rule of unanimity, this rule requires all defendants "join in the notice of removal or give their consent *within the thirty day period* for the removal to be proper."[26] While the defendants may amend a removal notice to correct erroneous statements of fact, they cannot supply new facts to correct jurisdictional defects.[27]

Here, there is no evidence that Lewis obtained the consent of the other defendants in the state court case for removal. She also did not plead in her Notice of Removal that the defendants consented to it. Therefore, her removal to this Court is procedurally defective. This case must be remanded to state court.

The Board makes a very brief request at the end of its motion for costs. Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal."[28] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[29]

---

[26] *Propane Res. Supply & Mktg., L.L.C. v. G.J. Creel & Sons, Inc.*, 2013 WL 192111, at *1 (D. Kan. 2013) (citation and internal quotation marks omitted).

[27] *Id.* (citing *Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 314 (10th Cir. 2007)); *Washington v. Harris*, 2011 WL 2174942, at *2 (D. Kan. 2011) (stating that the absence of unanimous consent is not a minor defect that may be corrected by amendment).

[28] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[29] *Id.* (citations omitted)

The Court finds Lewis' removal in this case to be objectively unreasonable. She has not asserted a viable claim under federal law, the parties are not diverse, and the removal was procedurally defective. Thus, the Court awards the Board costs, including attorney fees, under 28 U.S.C. § 1447(c).

The Court orders Lewis to pay $200 to the Board's counsel for costs and attorney fees incurred in responding to the removal. This Court has previously determined that $200 represents a fair and reasonable award of fees and costs after a pro se party files an objectively unreasonable removal.[30] Although the Court recognized that this amount was likely less than the actual costs and fees incurred filing the motion, the Court concluded it was fair and reasonable given the defendant's pro se status.[31] Given that Lewis proceeds pro se, the Court concludes the same here.

## C. The Court declines to rule on the Board's Motion to Dismiss.

The Board also filed a Motion to Dismiss Lewis' claims against it and the County of Leavenworth on the basis that the Court lacks subject matter jurisdiction. The Board asserts that Lewis failed to comply with the notice requirements of K.S.A. § 12-105b. The Board's motion involves applying Kansas statutory law, which is best performed by the Kansas state court. Having determined that this case should be remanded to state court, the Court denies this motion as moot.

**IT IS THEREFORE ORDERED** that United States' Motion to Dismiss Redie Lewis' FTCA Claims Against HUD Employees Anthony May and Alfredo Medina for Lack of Subject Matter Jurisdiction (Doc. 13) is **GRANTED**. May and Medina are dismissed from this lawsuit.

**IT IS FURTHER ORDERED** that the Board of County Commissioners of Leavenworth

---

[30] *Bank of America, N.A. v. Swanson*, 2017 WL 1283100, at *2 (D. Kan. 2017) (citations omitted).

[31] *Id.*

County, Kansas, Motion to Remand (Doc. 18) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the Court remands this action to the District of Leavenworth County, Kansas. Furthermore, Defendant Redie Lewis is ordered to pay $200 to the Board, through its attorney, under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that Plaintiff's Leavenworth County, Kansas Board of Commissioners' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 20) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Motion to Remand of Defendants City of Leavenworth, Kansas, and One Beacon Insurance (Doc. 46) is **GRANTED**.

**IT IS SO ORDERED**.

This case is now closed.

Dated this 3rd day of April, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE